# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: **23CR1495-BAS-2** |
|---|---|
| Plaintiff, | |
| v. | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Alejandrina ARAMBURO (2), | |
| Defendant. | |

In accordance with Title 18 U.S.C. § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141, et seq.), a detention hearing was held on March 28, 2024 to determine whether Defendant, Alejandrina Aramburo, should be held in custody pending trial on the grounds that she is a flight risk and danger to the community. Assistant United States Attorney Ashley Goff appeared on behalf of the United States. Attorney Jose Orozco appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant and information provided by the Pretrial Services Officer, and the legal standard of detention under 18 U.S.C. § 3143(a), the Court concludes that Defendant has not met her burden of showing by clear and convincing evidence that she is not a risk of flight or danger to the community, nor does the Government intend to recommend a non-custodial sentence—each of which are required under Section 3143(a)(2) given Defendant's entry of a guilty plea.

# I

# **LEGAL STANDARD & FINDINGS OF FACT**

1. On March 25, 2024, Defendant pled guilty to a conspiracy to distribute controlled substances and to a conspiracy to commit money laundering as charged in the Superseding Information. Therefore, probable cause exists to believe Defendant committed the charged offense as she has admitted her guilt.

2. The offenses include an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801, et seq.), and Defendant has entered a guilty plea. Therefore, detention is mandatory under Section 3143(a)(2) unless Defendant can establish that (1) there is a substantial likelihood that a judgment of acquittal or new trial is likely to be granted OR an attorney for the government has recommended a non-custodial sentence, *and* (2) Defendant can show by clear and convincing evidence that she is not a flight risk. Defendant cannot establish either element.

3. First, the Government has represented that it will not recommend a non-custodial sentence, and Defendant agrees based on the offense conduct that she anticipates receiving a custodial sentence. Based on that alone, Defendant's motion is denied.

4. Second, Defendant separately has not bore her burden of proving by clear and convincing evidence that there is a condition or combination of conditions that would secure her appearance at trial. To that end, the Court considered the Section 3142(g) factors:

   a. <u>Nature and Circumstances of the Offense Charged</u>: As described above, Defendant pled guilty to a conspiracy to distribute controlled substances and conspiracy to money launder from a date unknown to the date of her arrest. She has admitted in her plea agreement to conduct in 2021 and throughout 2022 distributing methamphetamine and mailing fentanyl across the United States. The United States also proffered that at the time of her arrest, Defendant was still maintaining a storage unit stash house of drugs and cocaine and a firearm were found in her shared bedroom. The nature of circumstances weigh against release.

      b.    <u>Weight of the Evidence Against the Defendant</u>: As proffered by the United States, Defendant was the subject of a wiretap investigation and was observed conducting numerous drug transactions. She has admitted to her involvement in that conduct, so the weight of the evidence is strong.

      c.    <u>History and Characteristics of the Defendant</u>:

      i.    Defendant's criminal history shows a history of non-compliance with Court orders. Specifically, Defendant was not compliant with pretrial bond requirements imposed by this District in 2015 and immediately failed to comply with location monitoring requirements once placed on supervised release, leading to the revocation of her supervision. This factor weighs strongly against release.

      ii.    Defendant has ties to the San Diego community and the United States, and Defendant spoke at length about the impact custodial time would have on her family. This factor supports release but is outweighed by the other factors.

      iii.    Defendant has no established income source besides her drug trafficking activity. This weighs against release.

      iv.    Defendant has a strong incentive to flee to avoid prosecution based on the sentence she faces and certainty of custodial time based on her own admissions.

      d.    Based upon the Court's findings, Defendant has not borne her burden (that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## II

## REASONS FOR DETENTION

1. There is probable cause to believe Defendant committed the offenses charged in Criminal Case No. 23CR2413, specifically, conspiracy to distribute controlled substances (21 U.S.C. §§ 841, 846).

2. Defendant faces a substantial period of time in custody if convicted of the offense charged and admits she expects to receive custodial time. Therefore, she has a strong motive to flee and cannot satisfy the first element of Section 3143(a)(2).

C. For the above reasons, Defendant has not fulfilled her burden, based upon the Court's findings, that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

## III

## ORDER

**IT IS HEREBY ORDERED** that Defendant be detained pending trial in this matter.

**IT IS FURTHER ORDERED** that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

**IT IS SO ORDERED.**

DATED: 4/3/2024

HON. STEVE B. CHU
UNITED STATES MAGISTRATE JUDGE